UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NARDO B. REYES,

                Plaintiff,

v.

CITY OF NEW YORK,

                Defendant.

**ORDER**

14 Civ. 8472 (ER)

---

RAMOS, D.J.

On October 20, 2014, Nardo B. Reyes, *pro se*, brought this action against the City of New York for employment discrimination. Doc. 1. On November 4, 2014, this Court issued an order granting Plaintiff permission to proceed *in forma pauperis*, which was returned undeliverable. Doc. 3. On December 18, 2014, this Court issued an order of service directing that Plaintiff either return the forms necessary for the U.S. Marshals Service to effect service on his behalf or inform the Court that he would effect service himself. Doc. 5 at 2. The Court warned that if Plaintiff failed to comply with the Court's Order, "under Rule 41(b) of the Federal Rules of Civil Procedure, the Court may dismiss this action for failure to prosecute." *Id.* Plaintiff has not contacted the Court since. Because of Plaintiff's total failure to prosecute his case, the Court dismisses his claims with prejudice under Fed. R. Civ. P. 41(b).

I. **Standard**

"Although the text of Fed. R. Civ. P. 41(b) expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v.*

*Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citation omitted). Courts evaluating dismissal under Rule 41(b) must consider

> (1) the duration of the plaintiff's failures,
> (2) whether plaintiff had received notice that further delays would result in dismissal,
> (3) whether the defendant is likely to be prejudiced by further delay,
> (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard and
> (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

*Id.* (citation omitted). When weighing these factors, "[n]o single factor is generally dispositive." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).

## II.   Discussion

Here, each factor of the *LeSane* test weighs in favor of dismissal. Plaintiff's first and only action in this matter was the filing of his complaint almost six years ago. Since then, he has failed to keep the Court informed of his current address or even effect service, and has been warned that failure to comply with Court orders would result in dismissal. Whether Plaintiff actually received the Court's orders is inconsequential, as "it remained his duty to diligently pursue his case and to inform this Court's *Pro Se* Office of any change of address." *Virola v. Entire GRVC Dep't of Mental Health Hygiene Servs.*, No. 12 Civ. 1005 (ER), 2014 WL 793082, at *3 (S.D.N.Y. Feb. 21, 2014) (collecting cases). "[I]t would be unfair to the numerous other litigants awaiting the Court's attention to permit this suit to remain on the Court's docket." *Jianjun Chen v. WMK 89th Street, LLC*, No. 16 Civ. 5735 (GHW), 2020 WL 5076811, at *2 (S.D.N.Y. Aug. 27, 2020) (dismissing case for failure to prosecute following four years of delay) (citation omitted).

For all of these reasons, the Court dismisses Plaintiff's action with prejudice. The Clerk of Court is respectfully directed to close the case.

It is SO ORDERED.

Dated: October 8, 2020
       New York, New York

                                                                               _____
                                                                                Edgardo Ramos, U.S.D.J.